Van Brunt, P. J.
It is clear that the order in the case at bar comes directly within the objections raised to the order made in the case of Tilton v. Ormsby (10 Hun, 7), and affrmed in the court of appeals (70 N. Y., 609).
*669 In the case cited the surrogate found that there was reasonable ground to believe; in the case at bar that there was reason to suspect; in the case cited, the' order distinctly specified the property which there was reason to believe the party proceeded against had in her possession belonging to the estate.
The order in the case at bar is equally specific.
In the case cited the order not only required this specific property to be given up, but all other property belonging to the estate in possession of the party proceeded against. In the case at bar the order requires not only the delivery of the money specified in the order, but all other sums in the defendant’s possession belonging to the estate.
In the case cited it was held that there must be a distinct adjudication as to title, and no more than the specific property adjudicated upon directed to be given up; and because neither of those requirements had been complied with, the order was reversed, which reversal was affirmed by the court of appeals.
As this adjudication requires the reversal of the order before us, it is not necessary to decide what the powers of the surrogate are under section 2110 and the following sections, but it may be well doubted whether debts can be collected by proceedings for contempt or the validity of claims or liens upon property adjudicated upon in this summary manner without violating express provisions of the constitution. Matter of Beebe, 20 Hun, 462.
The order appealed from must be reversed, with ten dollars costs and disbursements.
Daniels and Bartlett, JJ., concur.